Battle, J.
 

 The ground upon which the defendant’s counsel places her demurrer, is, that the plaintiffs have a full and complete remedy at law against her ; and we cannot see how the position can be successfully assailed by the plaintiffs. The bond given by the defendant and her sureties, is either in itself, or by force of the act of 1189, (Rev. Code, ch. 31,
 
 *313
 
 sec. 84,) joint and several, and the plaintiffs had a
 
 perfect right
 
 to sue the defendant alone at law, notwithstanding the suspension of their remedy against the estate of William C. Butler, one of the obligors. The case does not come within the principle upon which
 
 Sanders
 
 v. Bean, Busb. Rep. 318, was decided, upon the supposed analogy to which, we have no doubt, the present bill was filed. In that case the relator, who was, in law, regarded as the plaintiff in the action, never had any right to sue in any court of law, upon the bond. Ey executing the bond as one of the sureties of the constable, he disabled himself from doing any thing, by which he could have a remedy at law upon it. The Court say expressly, that “ his right to sue depends upon the fact, that the bond was, in effect, delivered to him, or that a contract was made with him ; which could not be; as he could not, either by himself or with others, deliver the bond to himself, or contract with himself.”
 

 In the case now before the Court, no such objection could have been made against the bond when it was first delivered. The plaintiffs, then, had a perfect right to sue at law, all the obligors, or any one or more of them. When one of them, William C. Butler, died, and another obligor, together with one of the plaintiffs, took out letters of administration on his estate, the right of the plaintiffs to sue them was indeed suspended, but it in no wise affected their remedy against the present defendant, who was the principal obligor. She could have no equities for contribution against her own sureties, and there was, therefore, nothing, either in the technical forms of proceeding at law, or in the nice and refined principles of equity, to prevent a court of law from affording to the plaintiffs a full and complete remedy against the defendant. She was undoubtedly bound by her bond when it wras originally executed, and the act of plaintiffs, or either of them, in suspending, or even in extinguishing their remedy at law against one of her sureties, could not suspend or extinguish the right to sue her.
 

 
 *314
 
 The demurrer is sustained, and the bill dismissed with costs.
 

 Per CuriaM, Bill dismissed.